5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Yi-Hai LIN, aka Chi Ching Lo, Defendant-Appellant.
 No. 91-50783.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1993.
Decided Sept. 8, 1993.
 
 Before: WOOD, Jr.,* REINHARDT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Following a jury trial, Yi-Hai Lin was convicted of using an altered passport. Lin asserts the conviction is based on insufficient evidence and tainted by violations of the Fifth Amendment. For the reasons stated below we reject Lin's arguments and affirm his conviction.
 
 I. BACKGROUND
 
 3
 Defendant-Appellant Yi-Hai Lin, a citizen of China, tried to become a citizen of the United States. According to Lin, he had been accused of being a participant in the June 1990 student uprising in Beijing and consequently had received death threats. Lin found an escape from these threats in the person of Mr. Chen, a man Lin says he happened to meet in a hotel lobby. Mr. Chen reportedly offered to provide Lin with the necessary documents to exit China; all Mr. Chen needed was $4,000 and two photographs of Lin. Lin provided the cash and photos to Mr. Chen.
 
 
 4
 Two weeks later Mr. Chen gave Lin a genuine United States passport and an airplane ticket to America. Lin left Beijing, flew to Tokyo, changed planes, and then flew to Los Angeles, arriving on June 17, 1991. At Los Angeles a customs inspector stopped Lin. A short while later, Lin was interviewed by INS Agent Chet Chen who is fluent in Chinese.
 
 
 5
 Agent Chen asked Lin for his name and date and place of birth. Lin answered these questions truthfully and Agent Chen noted that the answers did not match up with the information in the passport. Although the passport contained Lin's photograph, it had been issued to a man named Chi Ching Lo. When Lin was asked about the discrepancies in the passport he refused to answer any questions.
 
 
 6
 On July 24, 1991, INS Agent Gallagher arrested Lin and read him his Miranda rights at the immigration facility in San Pedro, California. Defendant later invoked his right to remain silent while being booked by Agent Gallagher at the immigration office in Los Angeles. Subsequent analysis of Lin's passport revealed that Chi Ching Lo's photograph had been removed and replaced with one of Lin; the original laminate covering Lo's photograph had also been replaced with a counterfeit laminate. Written alterations had also been made to the biographical information contained in the passport.
 
 
 7
 A two-count indictment was filed on August 6, 1991, that charged Lin with using an altered United States passport in violation of 18 U.S.C. Sec. 1543 and with improper entry by an alien in violation of 8 U.S.C. Sec. 1325. Lin pled not guilty to the charges and was tried before a jury. The trial lasted two days. At the close of the government's case and again at the close of the Defendant's case, Lin moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The court denied both motions.
 
 
 8
 Lin also twice moved for a mistrial, arguing the government violated his Fifth Amendment rights by referring to Lin's silence at the time of his arrest. The court denied these motions. On October 3, 1991, the jury acquitted Lin on the improper entry charge but convicted him for using an altered passport. In November the district court sentenced Lin to four months in prison followed by a two-year supervised release. Lin has completed his term of incarceration and has been deported to China.
 
 II. DISCUSSION
 
 9
 Lin maintains the district court erred by (1) denying his motions for judgment of acquittal, arguing the evidence was insufficient to support his conviction; (2) denying his motions for mistrial, arguing the government improperly commented on Lin's post-Miranda silence.
 
 A. Sufficiency of Evidence
 
 10
 "Whoever willfully and knowingly uses, or attempts to use ... any ... false, forged, counterfeited, mutilated, or altered passport ... [s]hall be fined not more than $2,000 or imprisoned not more than five years, or both." 18 U.S.C. Sec. 1543. After a two-day trial, a jury convicted Lin of violating this statute. Lin now contends there was insufficient evidence to support each element of this crime.
 
 
 11
 A defendant who asserts the evidence was insufficient to sustain his or her conviction must persuade us that after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Rubio-Villareal, 967 F.2d 294, 296 (9th Cir.1992) (en banc). "The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict." United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991).
 
 
 12
 Lin does not contest the fact that the passport was altered, he only disputes the proof that he knew the passport was altered. Lin states that he has only a sixth grade education and is unable to read or write English or French, the two languages used in the passport. He says he believed Mr. Chen who told him that the name on the passport, Chi Ching Lo, was merely the English translation of his own name, Yi-Hai Lin. Appellant states that he has never been out of China and is unfamiliar with travel documents. Lin argues his honesty is shown by the fact that when interviewed by Agent Chen, Lin gave his true name and place of birth.
 
 
 13
 The government argues that when viewed in the light most favorable to the prosecution, the facts established that: (1) Lin knowingly purchased a passport from another Chinese national while in China; (2) the Defendant never legally obtained a United States passport; (3) Lin would not have been allowed to travel from Tokyo to Los Angeles unless he had represented himself as a United States citizen to Japanese immigration officials; (4) a customs declaration form Lin completed contained the same false information as the passport; and (5) prior to his arrest, Lin refused to answer questions from an INS inspector regarding the passport.
 
 
 14
 From this evidence, the government contends it would have been reasonable for the jury to conclude that Lin knew a valid United States passport could not be legally obtained by paying $4,000 to a stranger in a Chinese hotel lobby. We agree and therefore affirm the district court's decision to deny Lin's motions for acquittal.
 
 B. Fifth Amendment
 
 15
 The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." In Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court interpreted the amendment as necessitating the exclusion of any statements stemming from the custodial interrogation of a defendant unless the government demonstrated the use of procedural safeguards to secure the defendant's privilege against self-incrimination. Id. at 444. Those safeguards include informing the defendant of the right to remain silent. Id.
 
 
 16
 In Doyle v. Ohio, 426 U.S. 610 (1976), the Court held it was a deprivation of due process to allow a defendant's silence after receiving Miranda warnings to be used to impeach the defendant at trial. Id. at 619. In other words, the prosecution cannot during the trial call attention to the fact that the defendant remained silent after receiving Miranda warnings. A prosecutor does not violate the holding in Doyle by commenting on the defendant's silence prior to receiving Miranda warnings. Fletcher v. Weir, 455 U.S. 603, 607 (1982); Jenkins v. Anderson, 447 U.S. 231, 238 (1980).
 
 
 17
 We recently stated in United States v. Foster, 985 F.2d 466 (9th Cir.1993), that we review a violation of the Doyle rule to see if the violation was harmless beyond a reasonable doubt. Id. at 468-69. "Harmless" means the "error did not contribute to the defendant's conviction." Greer v. Miller, 483 U.S. 756, 759 n. 1 (1987). In making our determination, we consider "the extent of comments made by the witness, whether an inference of guilt from silence was stressed to the jury, and the extent of other evidence suggesting defendant's guilt." United States v. Newman, 943 F.2d 1155, 1158 (9th Cir.1991).
 
 
 18
 Lin contends that his Fifth Amendment right to silence was violated by testimony from Agent Gallagher during the first day of trial and by comments the government made in its closing and rebuttal arguments on the second day. When being questioned by the government during its case-in-chief, Agent Gallagher testified that he had arrested Lin, read him the Miranda warnings, and that Lin had not made a statement:
 
 
 19
 Government: Were you involved in the arrest and booking of the Defendant?
 
 
 20
 Gallagher: Yes, I was.
 
 
 21
 Government: Can you tell us what that involved?
 
 
 22
 Gallagher: I arrested the Defendant ...
 
 
 23
 Defense: Objection, your Honor, irrelevant.
 
 
 24
 Court: Overruled.
 
 
 25
 Gallagher: I arrested the Defendant on July 24th, 1991, at an immigration facility in San Pedro, California, and then transported him to our office in the federal building at 300 North Los Angeles Street. The Defendant exercised his rights, didn't wish to speak or make a statement, and then he was booked.
 
 
 26
 Defense: Objection, your Honor, hearsay.
 
 
 27
 Court: Overruled.
 
 
 28
 The government made no further inquiry regarding Lin's post-Miranda silence.
 
 
 29
 Following Agent Gallagher's testimony, and the very brief testimony of another witness, the court took a recess. Outside the jury's presence, the Defendant moved for a mistrial based on Agent Gallagher's testimony that Lin "didn't wish to speak or make a statement" following Lin's arrest. Defendant claimed this violated Doyle. With no elaboration, the court denied Lin's motion. Yet at the start of the next day's proceedings, the court greeted the jury and immediately instructed the jurors to disregard Agent Gallagher's testimony regarding Lin's post-Miranda silence:
 
 
 30
 Ladies and gentlemen of the jury, before we proceed, I want to give you an instruction. Yesterday you heard a witness testify that the Defendant invoked his constitutional right to remain silent after he was arrested. That testimony should not have been received and it will be stricken from the record. You are instructed to disregard it in your deliberation on the guilt or innocence of the Defendant in this case. You should not consider that particular testimony for any purpose.
 
 
 31
 The court repeated this instruction later the same day as part of the complete jury instructions given before the jury retired to deliberate.
 
 
 32
 Using the analysis developed in United States v. Newman, we believe any constitutional error has been rendered harmless. Agent Gallagher's comment was brief, the prosecutor did not stress to the jury that it should make an inference of guilt from Lin's post-Miranda silence, there was ample evidence aside from Agent Gallagher's brief testimony that suggested Lin's guilt, and the court twice gave curative instructions. See Newman, 943 F.2d at 1158.
 
 
 33
 We also reject Lin's arguments that remarks made during the government's closing and rebuttal arguments violated Doyle. Our review of these arguments shows the government referred only to Lin's pre-Miranda silence. This is permissible. Fletcher, 455 U.S. at 607; cf. United States v. Negrete-Gonzales, 966 F.2d 1277, 1281 (9th Cir.1992) (conviction reversed where prosecutor questions both pre- and post-Miranda silence and court fails to give curative instructions). The district court did not err in refusing Lin's motions for a mistrial.
 
 III. CONCLUSION
 
 34
 For the foregoing reasons, we affirm the district court's decisions to deny Lin's motions for acquittal and mistrial.
 
 
 35
 AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., United States Senior Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3